UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON ORTIZ VARGAS,<br>　　Petitioner,<br>　　v.<br>DAVID JENNINGS, et al.,<br>　　Respondents. | Case No. 20-cv-5785-PJH<br><br>**ORDER ISSUING PRELIMINARY INJUNCTION** |

On August 23, 2020, the court entered an order granting in part petitioner's motion for a temporary restraining order to enjoin respondents from re-detaining petitioner unless and until he is afforded a pre-deprivation administrative hearing on the question of whether his re-detention would ultimately be lawful. Dkt. 15. The court denied the TRO motion in part with respect to petitioner's request that re-arrest or re-detention would require a pre-deprivation judicial hearing. The court further ordered respondents to show cause why a preliminary injunction should not issue enjoining respondents from re-detaining petitioner without a pre-deprivation administrative hearing. Having reviewed the OSC response ("Resp.") and petitioner's reply ("Reply"), the court determines that the matter is suitable for decision without a hearing and issues a preliminary injunction for the reasons set forth in the order granting the motion for a TRO and as further discussed below.

Respondents filed a response to the OSC re: issuance of a preliminary injunction that purports to serve also as respondents' return to the petition for writ of habeas corpus. Resp. at 1. While the OSC response addresses the various claims asserted in the

1  habeas petition, respondents do not squarely address the grounds articulated by the
2  court in issuing the TRO under the sliding scale test, i.e., that petitioner has sufficiently
3  demonstrated that serious questions have been raised going to the merits of his
4  procedural due process claim that, having been released on bond, his re-detention
5  without a pre-deprivation hearing would violate the due process clause of the Fifth
6  Amendment; that the balance of hardships tips sharply in his favor; and that the Winter
7  factors of likelihood of irreparable injury and public interest are satisfied.  Dkt. 15 at 4–8.
8  See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Alliance for the Wild
9  Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

10       Repeating arguments made in opposition to the TRO motion, respondents contend
11  that a preliminary injunction is not warranted because if petitioner were re-arrested,
12  existing procedural processes would be sufficient to satisfy his due process rights.  This
13  conclusory assertion begs the question whether a non-citizen granted release on bond
14  has a protectable liberty interest, see Morrissey v. Brewer, 408 U.S. 471, 482 (1972) ("the
15  liberty of a parolee, although indeterminate, includes many of the core values of
16  unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on
17  others"), and what process is due under the circumstances presented here, where a non-
18  citizen conditionally released on bond seeks procedural protections if immigration officials
19  seek to re-arrest him after the immigration judge subsequently issues a sua sponte order
20  revoking the bond and finding the non-citizen subject to mandatory detention under
21  § 1226(c).  The authorities cited by respondents apply the well-established principle that
22  detention during immigration proceedings is "a constitutionally valid aspect" of the
23  removal process, see Demore v. Kim, 538 U.S. 510, 523 (2003), but do not weigh in on
24  the questions whether non-citizens have a protected liberty interest against re-detention
25  after initially being released on bond and whether due process requires a pre-deprivation
26  hearing if respondents seek to re-arrest or re-detain him.  See Hernandez v. Sessions,
27  872 F.3d 976, 983 (9th Cir. 2017) (citing Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).
28       Respondents also point out that "there is no statutory or regulatory requirement

2

1    that entitles Petitioner to a 'pre-arrest' hearing," Resp. at 14, but petitioner asserts a
2    procedural due process claim, not a statutory or regulatory right, to a pre-deprivation
3    hearing. Respondents further cite Nielsen v. Preap, 139 S. Ct. 954, 967 (2019), as
4    authority to support their contention that petitioner is not entitled to continued release on
5    bond because the IJ determined that her initial assessment was incorrect and issued a
6    second order revoking the bond, but in Preap, the Supreme Court did not consider a
7    claim that release on bond may give rise to a protectable liberty interest, much less, as
8    respondents suggest, reject an argument that a non-citizen should be entitled to a
9    "windfall" from an erroneous decision to grant a request for release on bond. Resp. at
10   14. Rather, the Court in Preap held that mandatory detention under § 1226(c) is not
11   limited to situations where covered aliens are taken into immigration custody immediately
12   upon release from criminal custody, and the Court expressly narrowed the holding as a
13   matter of statutory interpretation that "does not foreclose as-applied challenges—that is,
14   constitutional challenges to applications of the statute as we have now read it." 139 S.
15   Ct. at 972. In the absence of controlling authority on the issues whether non-citizens who
16   have been granted release on bond have a liberty interest in maintaining release to which
17   due process protections attach, the parties have raised serious questions going to the
18   merits of petitioner's procedural due process claim.
19         A preliminary injunction will serve to preserve the status quo by providing
20   procedural protections for petitioner's conditional release until a final judgment on the
21   merits can be rendered, particularly in light of respondents' contention that the IJ's
22   mandatory detention "ruling would be controlling at any pre-deprivation hearing, absent a
23   BIA decision to the contrary," which suggests that without the issuance of a preliminary
24   injunction, petitioner would not have a fair opportunity to maintain his conditional release
25   by challenging mandatory detention and revocation of his bond if he were re-arrested.
26   Resp. at 6. Respondents' suggestion that petitioner's pending appeal with the BIA "could
27   provide him the remedy he seeks," id. at 23, fails to acknowledge that petitioner seeks
28   not only review of the IJ's bond revocation decision, but also procedural protections for

1  his claimed liberty interest in conditional release to prevent irreparable harm that would
2  result if he were re-detained without an opportunity to challenge mandatory detention
3  under § 1226(c).  While the government argues that petitioner's hearing date in state
4  court has passed and he no longer faces the threat of being arrested at state court, Resp.
5  at 22, petitioner has sufficiently demonstrated the necessity to make future state court
6  appearances, with the next hearing set for September 30, and other non-speculative
7  concerns that he faces the risk of re-arrest, which would cause him and his family
8  economic hardship and loss of their primary caregiver.  Reply at 11–12 (citations
9  omitted).

10  Petitioner suggests that if respondents seek to re-arrest him, a preliminary
11  injunction would require the IJ to consider all of petitioner's challenges to re-detention,
12  including his constitutional challenges presented in the habeas petition, Reply at 9.  Such
13  expansive inquiry is not required of a pre-deprivation administrative hearing to protect his
14  claimed liberty interest.  Under the circumstances presented here, where petitioner was
15  conditionally released from detention and currently challenges the validity of the IJ's sua
16  sponte bond revocation order on appeal to the BIA, due process only requires an
17  administrative hearing limited to the issue whether petitioner is subject to mandatory
18  detention under § 1226(c), which is the ground for seeking his re-detention that
19  respondents assert here.  Resp. at 17.

20  On the present record, and for the reasons underlying issuance of the TRO, the
21  court determines that petitioner has sufficiently demonstrated that there are serious
22  questions going to the merits of his claim that he has a protectable liberty interest in his
23  conditional release under Morrissey and that he must be afforded a pre-deprivation
24  hearing if respondents seek to re-arrest him; that the balance of hardships tips sharply in
25  his favor; that irreparable injury is likely; and that the public interest is served by providing
26  due process safeguards for deprivation of liberty, to support the issuance of a preliminary
27  injunction.  See Ortega v. Bonnar, 415 F. Supp. 3d 963, 969–70 (N.D. Cal. 2019), notice
28  of appeal filed, No. 20-15754 (9th Cir. Apr. 22, 2020); Meza v. Bonnar, 2018 WL

4

2554572, at *3 (N.D. Cal. June 4, 2018) (finding "serious questions going to the merits of Petitioner's claim that she has a vested liberty interest in her conditional release such that she may not be re-detained absent due process").

Having considered the parties' papers, the evidence in the record, and the applicable legal authority, the court issues a PRELIMINARY INJUNCTION as follows:

> The court hereby ORDERS that respondents David Jennings, San Francisco Field Office Director, U.S. Immigration and Customs Enforcement, Matthew T. Albence, Deputy Director and Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement, Chad Wolf, Acting Secretary of the U.S. Department of Homeland Security, and William P. Barr, Attorney General of the United States, are ENJOINED from re-arresting or re-detaining petitioner Simon Ortiz Vargas unless and until an administrative hearing, with adequate notice, is held to determine whether petitioner is subject to mandatory detention under § 1226(c).

The court will set a case management conference in this matter by issuance of a separate clerk's notice.

**IT IS SO ORDERED.**

Dated: September 14, 2020

          /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge