UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIMON ORTIZ VARGAS,

    Plaintiff,

    v.

DAVID JENNINGS, et al.,

    Defendants.

Case No. 20-cv-5785-PJH

**ORDER GRANTING MOTION TO STAY**

Before the court is petitioner Simon Ortiz Vargas's motion to stay proceedings. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court rules as follows.

## BACKGROUND

The facts of this case are more comprehensively set forth in this court's order on petitioner's motion for temporary restraining order. See Dkt. 15 at 1-2.

Petitioner was born in Mexico in 1978, and has lived in the United States since 2000. Dkt. 5-2 at 9. He and his wife have been married for 21 years. Id. They have four children, three of whom are US citizens. Id.

In 2010, petitioner pled no contest to a misdemeanor charge of domestic violence. Dkt. 5-2 at 67. The court suspended imposition of sentence and placed petitioner on probation for three years. Id.

In 2019, petitioner was found to be in violation of his probation for "failing to remain in contact." Dkt. 5-2 at 72. The record is not clear as to why petitioner was still required

to report to probation in 2019 when he was sentenced in 2010 to a three-year term of probation.

Petitioner was then taken into custody by Immigration and Customs Enforcement ("ICE") and held at the Mesa Verde ICE Processing Center in Bakersfield, California. Dkt. 5-2 at 12. Petitioner was detained at Mesa Verde from August 2019 to December 2019. Dkt. 5-2 at 12. While at Mesa Verde, petitioner was hospitalized with hyperosmolar nonketotic hyperglycemia and diabetic ketoacidosis, life-threatening conditions resulting from untreated and severely uncontrolled diabetes. Dkt. 5-3 at 3, 113, 119. Petitioner spent four days in an intensive care unit and was told that he fell into a diabetic coma. Dkt. 5-3 at 3, Dkt. 5-2 at 10.

On December 6, 2019, the immigration judge ("IJ") conducted a bond hearing and ordered that petitioner be released if he paid a $10,000 bond. In doing so, she found that petitioner was not subject to the mandatory detention provision of the Immigration and Nationality Act ("INA"). On December 23, 2019, petitioner's bond was posted, and he was released on bond. Dkt. 5-2 at 12, 46.

On January 29, 2020, the IJ issued a sua sponte order reconsidering the prior order and revoking bond. Dkt. 5-3 at 198-203. On February 27, 2020, petitioner filed a notice of appeal to the Board of Immigration Appeals ("BIA"), appealing the IJ's decision to revoke bond sua sponte.

Petitioner filed a petition for writ of habeas corpus in this court, asserting three causes of action: (1) violation of procedural due process under the Fifth Amendment, (2) violation of substantive due process under the Fifth Amendment, and (3) violation of the INA and Administrative Procedure Act. Dkt. 1 at ¶¶ 138-151.

Petitioner filed a motion for a temporary restraining order preventing respondents from re-detaining him without a pre-deprivation administrative hearing. Dkt. 5. The court granted the motion. Dkt. 15. The court's decision was based in part on petitioner's showing of a likelihood of irreparable harm absent injunctive relief. Specifically, the court concluded that "petitioner's history of diabetes complications requiring hospitalization

while in ICE custody last year combined with the risk of exposure to COVID-19 in ICE detention support a likelihood of irreparable harm upon re-detention." Dkt. 15 at 7. The court further concluded that "[b]y contrast, any impact on respondents would be minimal" because "[t]he IJ previously found as a factual matter that petitioner did not pose a risk of danger or flight that could not be mitigated by a sufficient bond." Id.

Petitioner then filed a motion for preliminary injunction, seeking the same relief, which the court granted. Dkt. 18. The preliminary injunction states:

> The court hereby ORDERS that respondents David Jennings, San Francisco Field Office Director, U.S. Immigration and Customs Enforcement, Matthew T. Albence, Deputy Director and Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement, Chad Wolf, Acting Secretary of the U.S. Department of Homeland Security, and William P. Barr, Attorney General of the United States, are ENJOINED from re-arresting or re-detaining petitioner Simon Ortiz Vargas unless and until an administrative hearing, with adequate notice, is held to determine whether petitioner is subject to mandatory detention under § 1226(c).

Dkt. 18 at 5.

Petitioner now moves the court for a stay, based on three appeals pending in the Ninth Circuit: (1) Fraihat v. U.S. Immigration and Customs Enforcement, Case No. 20-55634, (2) Zepeda Rivas v. Jennings, Case No. 20-16276, and (3) Ortega v. Bonnar, Case No. 20-15754. The government has voluntarily dismissed its appeal in Ortega, leaving only the appeals in Fraihat and Zepeda Rivas to be considered by the court on this motion.[1]  See Dkt. 38.

## DISCUSSION

A. Legal Standard

A district court has discretionary power to stay proceedings in its own court. Landis v. North American Co., 299 U.S. 248, 254 (1936). Specifically, a "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to

---

[1] Petitioner has also filed an administrative motion to supplement the record. Dkt. 31. Respondents filed a notice of non-opposition to the motion. Dkt. 33. Petitioner's administrative motion to supplement the record is GRANTED.

3

enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).

Courts considering a stay should look at: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. CMAX Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

B.  Analysis

The first case cited by petitioner in support of his motion is Fraihat v. U.S. Immigration and Customs Enforcement. Like this case, Fraihat involves a substantive due process challenge to the conditions at ICE detention facilities. Specifically, the Fraihat plaintiffs argue that ICE's treatment of medically vulnerable detainees violates the Fifth Amendment. See Dkt. 26 at 4.

The Fraihat court provisionally certified two nationwide subclasses of plaintiffs and issued a preliminary injunction in their favor. 445 F.Supp.3d 709, 736 (C.D. Cal. 2020). The subclasses were as follows:

> Subclass One: All people who are detained in ICE custody who have one of the Risk Factors placing them at heightened risk of severe illness and death upon contracting the COVID-19 virus.
>
> Subclass Two: All people who are detained in ICE custody whose disabilities place them at heightened risk of severe illness and death upon contracting the COVID-19 virus.

The Fraihat court provided specific definitions of "Risk Factors" and "covered disabilities," both of which include diabetes. Id. at 736, n.21.

The Fraihat court went on to find that "any medically vulnerable individual in an ICE facility likely confronts an unreasonable risk of infection, serious illness, and death," in violation of the Fifth Amendment. 445 F.Supp.3d at 744. Accordingly, the Fraihat court entered a preliminary injunction requiring ICE to conduct individualized custody determinations of all detainees with the above risk factors and/or disabilities. Id. at 751.

1  The government has appealed the preliminary injunction ruling.

2  After the appeal was filed, the Fraihat plaintiffs filed a motion in district court to enforce the preliminary injunction. The court concluded that "[m]ore than five months into the court's preliminary injunction, defendants have yet to issue a performance standard that unequivocally sets the minimum available conditions of confinement for subclass members across ICE facilities." Case No. 19-1546, Dkt. 240 at 8 (C.D. Cal. Oct. 7, 2020). The Fraihat court further concluded that defendants did not "substantially comply with the preliminary injunction, which focused on the plight of the elderly and medically vulnerable." Id. The court also observed more broadly that "[d]efendants have established a pattern of noncompliance or exceedingly slow compliance that calls for more active court monitoring than has heretofore been the case." Id. at 18.

The Fraihat appeal has now been fully briefed, and the Ninth Circuit heard oral argument on December 9, 2020. See Case No. 20-55364, Dkt. 42.

The second case cited by petitioner in support of his motion is Zepeda Rivas v. Jennings. Zepeda Rivas is a suit brought by a class of ICE detainees challenging conditions at Mesa Verde Detention Center. As in Fraihat, and as in this case, the Zepeda Rivas plaintiffs allege that ICE's conditions of detention violate the Fifth Amendment's protection of substantive due process.

The Zepeda Rivas court provisionally certified a class of detainees and issued a preliminary injunction. See Case No. 20-2731, Dkt. 357 (N.D. Cal. June 9, 2020). In the preliminary injunction order, the Zepeda Rivas court noted that "ICE's conduct and attitude towards its detainees at Mesa Verde and Yuba County Jail since the pandemic began have shown beyond doubt that ICE cannot currently be trusted to prevent constitutional violations at these particular facilities without judicial intervention." Id. at 5. Defendants appealed the Zepeda Rivas preliminary injunction decision.

In August 2020, while the appeal was pending, the Zepeda Rivas plaintiffs filed a further motion for temporary restraining order in district court, arguing that defendants had "failed to take meaningful steps to halt an outbreak of COVID-19 within Mesa Verde

Detention Facility." Case No. 20-2731, Dkt. 485 at 3.  The court granted the temporary restraining order and imposed further restrictions on defendants, finding that plaintiffs had "demonstrated a strong likelihood on the merits of their claim that the defendants have violated the due process rights of the class members through deliberate indifference to the risk of an outbreak." Case No. 20-2731, Dkt. 500 at 1 (N.D. Cal. Aug. 6, 2020).

In December 2020, the Zepeda Rivas district court considered whether to enter a second preliminary injunction.  In the court's words: "From the start of the public health crisis until now, the conduct of the key ICE and GEO[2] officials in charge of operations at Mesa Verde has been appalling." Case No. 20-2731, Dkt. 867 at 2 (N.D. Cal. Dec. 3, 2020).  The court noted that defendants "gave false testimony several times," and "at least one ICE official with significant decision-making authority over Mesa Verde obstructed the proceedings by effectively refusing to answer during his deposition, even the most basic questions about ICE's response to the pandemic." Id.  The court went so far as to state that "defendants cannot be trusted to conduct themselves responsibly as it relates to the safety of the detainees." Id. at 6.

Defendants' appeal of the Zepeda Rivas court's first preliminary injunction order was heard by the Ninth Circuit on February 8, 2021.  See Case No. 20-16276, Dkt. 72.  The court directed the parties to the Circuit Mediation Office, which scheduled a mediation conference for March 2, 2021.  Case No. 20-16276, Dkt. 77, 78.

In this case, respondents' primary argument is that they "would be prejudiced by a stay, because their ability to enforce federal law would be impaired for an extended time period." Dkt. 36 at 3.  However, respondents' argument appears to be a broad, boilerplate argument that a "stay would impair the agency's ability to enforce federal immigration law."  This argument would seem to weigh against a stay in every single case, without any consideration of the specific circumstances of the case currently before the court.

---

[2] GEO Group is the for-profit corporation which directly runs Mesa Verde pursuant to a contract with ICE.  Case No. 20-2731, Dkt. 500 at 1 (N.D. Cal. Dec. 3, 2020).

Respondents further argue that they "will be injured by a lengthy delay." However, as explained above, the Ninth Circuit has already heard oral argument in both <u>Fraihat</u> and <u>Zepeda Rivas</u>. As to those two appeals, there does not appear to be a significant risk of a lengthy delay.

The court concludes that the pending appeals of <u>Fraihat</u> and <u>Zepeda Rivas</u> each provide a sufficient basis for staying the case. Both cases raise serious issues regarding ICE's conditions of detention, and a Ninth Circuit decision in either case would narrow the issues before this court, avoid duplicative litigation, and conserve judicial resources.

As mentioned above, the <u>Fraihat</u> appeal is expressly directed to the issue of ICE's treatment of medically vulnerable people such as petitioner. If petitioner were to be re-detained, he would immediately become a member of both <u>Fraihat</u> subclasses. Moreover, the outcome of the <u>Fraihat</u> appeal will have a significant effect on petitioner's claim that re-detention would violate his right to substantive due process under the Fifth Amendment.

The court is persuaded that it would be more efficient for the Ninth Circuit to rule on the status of the <u>Fraihat</u> class and preliminary injunction before proceeding with this case. The court further notes that the <u>Fraihat</u> appeal has already been fully briefed and the Ninth Circuit has heard oral argument, so respondents' concerns about a prolonged stay are overstated.

The <u>Zepeda Rivas</u> appeal also provides a basis for staying this case. As mentioned above, when petitioner was detained by ICE from August 2019 to January 2020, he was kept at Mesa Verde Detention Center. As recently as December 3, 2020, the <u>Zepeda Rivas</u> court found that the conduct of those running Mesa Verde was "appalling" and "abominable." The Ninth Circuit has sent the case to mediation, which will be conducted within a week of the date of this order. As with <u>Fraihat</u>, the outcome of the <u>Zepeda Rivas</u> appeal will have a significant effect on petitioner's claim that re-detention would violate his right to substantive due process under the Fifth Amendment.

For the foregoing reasons, petitioner's motion to stay proceedings is GRANTED.

The parties shall file a status statement within seven (7) days after the <u>Fraihat</u> and <u>Zepeda Rivas</u> appeals are resolved.

**IT IS SO ORDERED.**

Dated: March 1, 2021

                                                 /s/ *Phyllis J. Hamilton*
                                             PHYLLIS J. HAMILTON
                                             United States District Judge